## INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL #175, Petitioner,

### v.

## NATIONAL LABOR RELATIONS BOARD, Respondent.

### Nos. 84–5327, 84–5531.

United States Court of Appeals, Sixth Circuit.

Argued April 3, 1985.

Decided May 2, 1985.

S. Del Fuston, argued, Chattanooga, Tenn., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Robert Bell, argued, Washington, D.C., Martin M. Arlook, Director, Region 10, N.L.R.B., W. Gene Heard, Atlanta, Ga., for respondent.

Before LIVELY, Chief Judge, ENGEL, Circuit Judge, and COHN, District Judge.*

PER CURIAM.

This is a petition by IBEW Local 175 to review a decision and order of the National Labor Relations Board finding that petitioner engaged in unfair practices proscribed by Section 8(b)(1)(A) of the National Labor Relations Act by coercing members of another local to quit their jobs in order to make places for unemployed members of Local 175. The Board has filed a cross-application for enforcement of its decision and order which is reported at 269 NLRB No. 121 (1984).

A member of another local who was working within the jurisdiction of Local 175 filed a charge with the Board claiming that he and other employees of Duncan Electric Company working at a job site at Calhoun, Tennessee were coerced by petitioner into quitting their jobs with Duncan. A complaint was issued and a hearing was held before an administrative law judge (ALJ). There was evidence from several "travel-

---

* The Honorable Avern Cohn, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

ers" that the job steward of Local 175 had conversations with most or all of the travelers about "dragging up" or leaving the job in order that unemployed members of Local 175 could have employment. One traveler testified that the steward told him if he did not "drag up" he would never be referred out again by Local 175.

Within a week from the time the steward talked with the travelers, two assistant business managers of Local 175 went to the job site and spoke to all of the travelers. Within an hour or two after these two emissaries left, all 13 of the travelers quit their employment with Duncan. Both the steward and the assistant business managers denied requesting the travelers to quit or coercing them in any way. Nevertheless, the ALJ found that petitioner had violated the Act and recommended that the travelers who coercively quit their employment be made whole for any loss of earnings suffered because of compliance with unlawful requests of Local 175 and the entry of a cease and desist order. The Board affirmed, modifying the recommended order in a manner not relevant to this review.

The only issue presented by the petitioner relates to the findings made by the ALJ and adopted by the Board. The petitioner contends that the findings are not supported by substantial evidence, particularly complaining of an inference which the Board drew that the steward told the other 12 travelers as well as the one who testified to that effect that if they did not quit their jobs they would not be sent out by the Local for other employment.

 The ALJ made explicit credibility determinations and he clearly weighed the evidence before concluding that petitioner had violated the Act. These are the functions of a hearing officer and the Board and this court defers to such determinations in the absence of circumstances on the record which indicate that deference is not proper. *Krispy Kreme Doughnut Corporation v. N.L.R.B.*, 732 F.2d 1288 (6th Cir.1984). The situation referred to in *N.L.R.B. v. Norbar, Inc.*, 752 F.2d 235 (6th Cir.1985), did not occur in these proceedings. Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, this court concludes that the findings of the ALJ as accepted by the Board are supported by substantial evidence and that the inference reached by the Board is reasonable. We conclude that the Board properly found this case to be controlled by *Sachs Electric Company*, 248 NLRB 699 (1980), *enforced in relevant part, NLRB v. IBEW, Local 453*, 668 F.2d 991 (8th Cir.1982).

The petition for review is denied and the order of the Board is enforced in full.